# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSCONTINENTAL REFRIGERATED LINES, INC., <br><br> Appellant, <br><br> v. <br><br> STEPHEN P. HROBUCHAK, JR., <br><br> Appellee. | NO. 3:18-CV-01604 <br><br> (JUDGE CAPUTO) <br><br> Chapter 7 <br><br> Bankruptcy: 5:14-bk-02098-JJT |

## **MEMORANDUM**

Presently before me is an appeal from the Bankruptcy Court (Doc. 1) filed by Appellant Transcontinental Refrigerated Lines, Inc. ("TRL"). TRL appeals the Bankruptcy Court's July 30, 2018 Order entering judgment in favor of Debtor-Appellee Stephen Hrobuchak and dismissing TRL's adversary complaint as untimely. For the reasons that follow, the Order will be affirmed.

## I. Background

I write primarily for the parties, who are familiar with the factual and procedural background of this matter.

TRL was itself "the subject of a Chapter 11 Bankruptcy," and "[a]s a result of certain fraudulent transfers received by Hrobuchak, TRL and Hrobuchak were involved in [parallel] litigation." (Doc. 2 at 5 (TRL's Statement of Facts)). This parallel litigation was commenced by an adversary complaint filed by TRL's liquidating agent against Hrobuchak in 2010, and the complaint was ultimately "referred to the United States District Court for the Middle District of Pennsylvania [in 2013] for a trial by jury." (*Id.* n.1). The point of this litigation was to determine whether Hrobuchak had defrauded TRL's bankruptcy estate—if he did, then he owed TRL a debt.

Meanwhile, Hrobuchak's creditors "filed an involuntary Chapter 7 Bankruptcy petition against him on May 1, 2014." (*Id.*). The parties to this appeal stipulated before the

Bankruptcy Court that on November 19, 2014, Hrobuchak's Chapter 7 Trustee called TRL's liquidating agent Lawrence Young by telephone and informed him of Hrobuchak's bankruptcy. (*See id.* at 6). Hrobuchak's "challenges and appeals to the involuntary petition [were] resolved on December 9[, 2014.]" (*Id.*). Consequently, the deadline for objecting to the discharge of any debts Hrobuchak owed to creditors was set for March 20, 2015. (*Id.* at 7). However, it was not until "May 6, 2016, [that] Hrobuchak amended the list of creditors on his involuntary Chapter 7 bankruptcy to include, for the first time, [TRL] and [Lawrence Young.]" (*Id.*).

So on May 26, 2016, TRL filed an objection to Hroubchak's amendment. (*Id.*). The Bankruptcy Court overruled the objection "without prejudice to [the] filing of a Complaint." (*Id.*). TRL then filed an adversary complaint on July 15, 2016 (which is ultimately the subject of this appeal) objecting to any discharge of the debt that Hrobuchak may have owed TRL on account of his alleged fraud. (*Id.* at 8.). Hrobuchak filed his answer to that complaint *pro se*, and contemporaneously filed a motion for sanctions arguing TRL's complaint was untimely because the March 20, 2015 deadline had passed. (*See* Doc. 3 at 153-55, 363). Hrobuchak failed to include the timeliness argument as a defense in his answer, though. (*Id.*).

Back to the parallel litigation: the issue of Hrobuchak's alleged fraud went to trial in November 2016, and a "jury found that Hrobuchak was liable for actual fraud or participating in a fraudulent scheme in defrauding the Bankruptcy Estate of TRL in the amount of $939,614.34." (Doc. 2 at 9). Accordingly, TRL filed a motion for summary judgment on November 23, 2016 in this adversary case against Hrobuchak, arguing that because the jury found Hrobuchak's debt was obtained by fraud, the debt could not be discharged in bankruptcy. (*See id.* at 8). "Hrobuchak filed a [b]rief in opposition" but "still failed to raise any timeliness argument or defense as to the filing of the Adversary Complaint." (*Id.*). Hrobuchak was still proceeding *pro se*, so the Bankruptcy Court appointed him counsel (who entered his appearance on April 10, 2017). (*Id.*).

Hrobuchak, now represented by counsel, moved to amend his answer to include

2

timeliness as an affirmative defense. (*Id.*) The Bankruptcy Court granted him leave to amend, even though summary judgment briefing had already occurred. (*Id.*). A hearing on TRL's motion for summary judgment was eventually held on May 22, 2018 before the Bankruptcy Court, which then "requested that the parties [b]rief [the issue of timeliness] specifically." (*Id.* at 10). After the supplemental briefing, the Bankruptcy Court issued an Opinion and corresponding Order denying TRL's motion for summary judgment and entering judgment in Hrobuchak's favor on the ground that TRL's complaint was untimely. (*Id.* at 10-11; Doc. 3 at 362-69).

TRL timely filed its notice of appeal on August 14, 2018. (Doc. 1). The appeal has been fully briefed and is now ripe for review.

## II. Legal Standard

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from a Bankruptcy Court's final orders. I review the legal conclusions of the Bankruptcy Court *de novo*, "its factual conclusions for clear error, and its exercise of discretion for abuse thereof." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## III. Discussion

The purpose of bankruptcy is "to provide a procedure by which insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life [and] a clear field for future effort, unhampered by the pressure and discouragement of pre[-]existing debt.'" *In re Fegely*, 118 F.3d 979, 982 (3d Cir. 1997) (quotations omitted). To fulfill that purpose, one function of a bankruptcy proceeding is determining which of a debtor's debts should be discharged. Certain provisions of the Bankruptcy Code govern dischargeability and exceptions to dischargeability, the latter of which are to be construed "narrowly against the creditor and in favor of the debtor." *In re Mehta*, 310 F.3d 308, 311 (3d Cir. 2002). The parties' arguments center on 11 U.S.C. § 523(a)(3)(B), one of the exceptions to dischargeability (they agree it applies here because of the specific debt at issue). This exception to discharge applies if the debt was "neither listed nor scheduled . . . in time to permit" a "timely request for a determination of dischargeability." 11 U.S.C. §

3

523(a)(3)(B). There is caveat to the exception, however: if the creditor to whom the debt is owed "had notice or actual knowledge of the [debtor's bankruptcy] case in time for such timely . . . request," but failed to timely make a request, the debt stays discharged. *Id.* A request for a determination of dischargeability is timely if it is filed within sixty (60) days "after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4007(c).

TRL raises three arguments on appeal: first, that TRL never had sufficient notice or actual knowledge of Hrobuchak's bankruptcy within the meaning of Section 523(a)(3)(B) (Doc. 2 at 18-28); second, that the time limitation for filing a complaint should have been equitably tolled (*id.* at 12-18); and third, that the Bankruptcy Court committed various procedural errors that warrant reversal of its judgment (*id.* at 29-32). Hrobuchak, for his part, counters that the Bankruptcy Court got it right: TRL had actual knowledge of his case, equitable tolling should not apply, and no errors were committed. (Doc. 7 at 10-24).

## A. Actual Knowledge

The first issue in this appeal is whether the creditor, specifically TRL's liquidating agent Lawrence Young, had "notice or actual knowledge" of Hrobuchak's case in time to make a timely request for a determination of dischargeability. The Bankruptcy Court concluded that Young did have such actual knowledge because the parties stipulated that Hrobuchak's Chapter 7 Trustee told Young over the telephone of Hrobuchak's bankruptcy months before the deadline to object to dischargeability. (*See* Doc. 3 at 4). TRL instead claims, on appeal, that "[a]t no time prior to July 21, 2015, was [it] formally or informally aware that an actual Bankruptcy filing had been effectuated, despite the ongoing litigation involving TRL against Mr. Hrobuchak." (Doc. 2 at 7).

As an initial matter, it is too late for TRL to take back its stipulation, if that is what it seeks to do. According to the Bankruptcy Court, the parties "stipulated that Young was aware of Hrobuchak's bankruptcy on November 19, 2014" via a telephone call with Hrobuchak's Chapter 7 Trustee. (Doc. 3 at 365). That stipulation is binding on the parties and limits my review. *See, e.g.*, *Williams Elecs. Inc. v. Arctic Int'l*, 685 F.2d 870, 876 (3d Cir. 1982); *accord G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450-51 (11th Cir. 1997). TRL

4

does not suggest that the Bankruptcy Court misrepresented the parties' stipulation in its Opinion, so all that is left is to review the Bankruptcy Court's application of the law to that stipulation (which I review *de novo*).

On that point, Young's awareness of Hrobuchak's bankruptcy via telephone constituted "actual knowledge" of Hrobuchak's bankruptcy case. The court in *Rowe v. Steinberg* held, under nearly identical factual circumstances, that a debtor's attorney's call to a creditor's lawyer that the debtor was filing for bankruptcy gave the creditor actual knowledge of the case. 253 B.R. 524, 528-29 (E.D. Mich. 2000). I find *Rowe*'s reasoning persuasive. Section 523(a)(3)(B) speaks only of notice or actual knowledge, not "formal notice" or "written notice." *See id.* at 528 ("There simply is no logical reason why a debtor's orally informing a creditor that a bankruptcy case is filed should not, well, put the creditor on actual notice that the claim is filed."). TRL argues that it should have received notice of the deadline to object to dischargeability, (Doc. 2 at 20), but as *Rowe* points out, Section 523(a)(3)(B) "demands actual knowledge of the case, not of the claim-bar deadline," 253 B.R. at 528 (internal quotation marks omitted). And even if Section 523(a)(3)(B) needed construing (which it does not), I would have to construe it in Hrobuchak's favor. *In re Mehta*, 310 F.3d 308, 311 (3d Cir. 2002).

Moreover, it does not offend due process to impose a duty of inquiry on a creditor which has actual knowledge of an individual debtor's bankruptcy case. *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995) ("[Section 523(a)(3)(B)'s] burden is minimal and certainly does not deprive unlisted creditors of their opportunity to be heard." (collecting cases)). TRL makes much of the fact that Hrobuchak "disputed and appealed" his "involuntary Chapter 7," which required the Bankruptcy Court to set deadlines after resolution of the appeal and, consequently, "long after" the November 19 phone call. (Doc. 2 at 25). But Hrobuchak's protestations were resolved only a few weeks after the phone call (*see id.* at 6), and in any event the burden Section 523(a)(3)(B) creates is not contingent on the complexity of an individual debtor's case, as the knowledgeable creditor's duty of inquiry remains the same. *See In re Chodnicki*, No. 02-59210 (RTL), 2008 WL 216318, at *5 (Bankr. D.N.J. Jan. 24,

2008) ("Section 523(a)(3)(B) puts the burden on a creditor with notice to protect itself and that creditor can easily protect itself merely by reviewing the bankruptcy file." (citing *In re Alton*, 837 F.2d 457, 460-61 (11th Cir. 1988))); *In re Poskanzer*, 146 B.R. 125, 133 (D.N.J. 1992) (creditors aware of a debtor's bankruptcy need only "inquire as to when the creditors' meeting w[ill] be held" to determine the bar date under Rule 4007(c)).

TRL points to *In re Durango Georgia Paper Co. ("Durango")*, 475 B.R. 755 (Bankr. S.D. Ga. 2004) in response. In that case, the debt at issue was not discharged because "Durango did not provide [certain creditors] with notice of the bar date for filing proofs of claim[,] and [the creditors'] actual notice of the pending bankruptcy proceeding d[id] not satisfy the requirements of due process." *Id.* at 760. TRL quotes this case at length in its briefing, but overlooks an important paragraph at the end of the opinion explaining that Section 523(a)(3)(B) "places a burden of inquiry upon a creditor" when the debtor is an "individual debtor." *Id.* (quotation omitted). *Durango* thus supports Hrobuchak's position, not TRL's. The creditor in *Durango* was only permitted to file a late claim because the debtor failed to schedule his claim *and* because the creditor "had no duty of inquiry concerning the bar date." *Id.* Here, though, under *Durango*'s reasoning, TRL had a duty of inquiry because Section 523(a)(3)(B) is applicable and Hrobuchak is an individual (rather than corporate) debtor. *See In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995); *In re Alton*, 837 F.2d 457, 460-61 (11th Cir. 1988).

I therefore conclude that, based on the parties' stipulation, TRL had actual knowledge of Hrobuchak's bankruptcy within the meaning of Section 523(a)(3)(B).

**B.    Equitable Tolling**

The second issue in this appeal is the timeliness of the filing of TRL's adversary complaint. As I explained before, under Rule 4007(c), such a complaint is only timely if filed sixty (60) days after the first date set for the meeting of creditors. That same Rule also permits a "party in interest" to request the Bankruptcy Court to "extend the time fixed under [the Rule,]" but such a motion "shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c). TRL concedes that it failed to file its adversary complaint or move for an

6

extension within that time period, but argues that the Bankruptcy Court should have equitably tolled Section 523(a)(3)(B) and Rule 4007(c) given Hrobuchak's misleading conduct and failure to list TRL as a creditor. (Doc. 2 at 12-18). In other words, TRL argues it still had time to file an adversary complaint requesting a determination of dischargeability per Section 523(a)(3)(B) on equitable grounds, thus allowing it to both maintain that complaint and object to dischargeability.

My review of the Bankruptcy Court's application equitable tolling is plenary. *Beauty Time, Inc. v. Vu Skin Systems, Inc.*, 118 F.3d 140, 143 (3d Cir. 1997). Even so, TRL's argument is unavailing for a number of reasons. First, it would be inappropriate to consider good faith, misleading conduct, or an intentional failure to list a creditor when applying the Section 523(a)(3) exception to dischargeability. *Judd v. Wolfe*, 78 F.3d 110, 116 (3d Cir. 1996) ("No where in section 523(a)(3) is the *reason* why a debt was omitted from the bankruptcy schedules made relevant to the discharge of that debt. . . . Congress could have exempted from the debtor's discharge . . . debts that were omitted intentionally . . . . Congress chose not to do so." (internal quotation omitted)). Second, if courts are commanded to construe statutory exceptions to discharge in favor of the debtor, *In re Mehta*, 310 F.3d 308, 311 (3d Cir. 2002), I fail to see how equitably tolling the statutory exception (or more accurately, the Rule governing timeliness) in favor of the creditor would effectuate that command. And third, equitable tolling of Rule 4007(c) is unwarranted on the facts of this case. The Bankruptcy Court found that Young's equitable arguments were "not compelling when given the opportunities that he had to review Hrobuchak's ongoing personal bankruptcy case during its pendency." (Doc. 3 at 368). The record shows that TRL was aware of Hrobuchak's bankruptcy well before the deadline to request a determination of dischargeability—the parties stipulated to that fact. Whatever Hrobuchak did to mislead TRL, therefore, did not prevent it "from recognizing the validity of [its] claim within the limitations period" and any ignorance on TRL's part was "attributable to a lack of reasonable due diligence in attempting to uncover the relevant facts." *In re Pendergrass*, 376 B.R. 473, 479 (Bankr. E.D. Pa. 2007) (citation omitted). As mentioned earlier—under the authority

7

TRL itself relies on—TRL had a duty to inquire as to the claims-bar date. *In re Durango Georgia Paper Co.*, 475 B.R. 755, 760 (Bankr. S.D. Ga. 2004). That it failed to do.

Equitable tolling cannot, therefore, save TRL from its lack of due diligence, and I conclude that TRL's adversary complaint was untimely under Rule 4007(c) and Section 523(a)(3)(B).

**C.     Remaining Arguments**

TRL finally argues that the Bankruptcy Court erred when it permitted Hrobuchak to amend his answer to TRL's adversary complaint to include a timeliness defense (Doc. 2 at 29-31) and when it "did not find that the question of timeliness had already been adjudicated" (*id.* at 31-32).

I review the Bankruptcy Court's decision to grant Hrobuchak leave to amend for abuse of discretion. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). Here, the Bankruptcy Court did not abuse its discretion. Federal Rule of Civil Procedure 15(a)(2) (made applicable by Federal Rule of Bankruptcy Procedure 7015) provides that courts "should freely give leave when justice so requires." "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). It is clear from the record that when Hrobuchak (proceeding *pro se*) filed his answer to TRL's adversary complaint, he contemporaneously filed a motion for sanctions that argued TRL's complaint was untimely. (*See* Doc. 3 at 153-55). TRL was therefore aware of Hrobuchak's timeliness defense from the moment he filed his answer, even if it was omitted from his answer. I therefore fail to see how Hrobuchak's initial omission was made in bad faith or with dilatory motive (especially since his appointed counsel promptly moved to amend his answer); nor can I see how TRL was prejudiced by such a minor procedural infraction. *See, e.g.*, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (district court did not abuse its discretion in permitting amendment where the amendment "caused no delay in the proceedings and required no additional discovery" and movant "moved to amend as soon as it became aware of the applicability of the . . . defense").

Thus, the Bankruptcy Court did not abuse its discretion in permitting Hrobuchak to amend his answer to include a timeliness defense.

TRL's last argument is that the Bankruptcy Court already adjudicated the issue of timeliness when it overruled TRL's objection to the amendment of Hrobuchak's schedules "without prejudice to the filing of a Complaint," and when the Bankruptcy Court denied Hrobuchak's aforementioned motion for sanctions. (Doc. 2 at 31). Hrobuchak responds that "[t]he fact that the bankruptcy court allowed the amendment without prejudice to the filing of a complaint should not be regarded as a decision on the issue of timeliness of a complaint which had not yet been filed." (Doc. 7 at 24). I agree with Hrobuchak. TRL has not pointed to anything in the record that explains why the Bankruptcy Court denied Hrobuchak's motion for sanctions—the order is even absent from TRL's designated record (*see* Doc. 3 at 1-3). What I do have before me, though, is the Bankruptcy Court's Opinion finding TRL's complaint untimely. (*Id.* at 362-69). Despite that, TRL wants me to infer that the Bankruptcy Court held that sanctions were unwarranted because TRL's complaint was timely; but without more, that is an inference I cannot make. For similar reasons, I cannot infer that the Bankruptcy Court's decision to permit TRL to file an adversary complaint was a determination that the complaint itself was timely. TRL cites no authority for the proposition that merely permitting a creditor to file an adversary complaint automatically deems that complaint timely, and I cannot find any.

I conclude that the Bankruptcy Court did not abuse its discretion in permitting Hrobuchak's amendment or otherwise commit any procedural error.

### IV. Conclusion

For the reasons stated above, the July 30, 2018 Order of the Bankruptcy Court will be affirmed.

An appropriate order follows.

November 16, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

9